by the court. The next case up for argument is Aguilera-Suarez versus Garland. Good morning, your honors, and may it please the court. Jeremy Kaufman on behalf of the petitioner Arianna Aguilera-Suarez. I'd like to reserve four minutes of time for rebuttal. All right. We are here today because the IJNBIA failed to account for Arianna's second arrest and subsequent 10-month imprisonment in analyzing Arianna's persecution claim. The agencies disregarded these events in the persecution inquiry because they erroneously determined that Arianna had not shown the requisite nexus between her arrested imprisonment and her lesbian identity. I'd like to make three main points today. First, at a minimum, remand is required for the BIA to conduct the legally required mismotive analysis. The government filed a motion for remand, but you wouldn't accept yes for an answer and opposed it. You said, no, we shouldn't be remanded. We should just decide the issues. Then we'd have to determine whether a remand was required. Tell me why you think you're entitled to the remand you didn't accept. Well, I think our position is that the remand is required as a floor. Our opposition was that there are other issues for the court to resolve, and we think it can and should resolve those issues rather than simply taking it back to the BIA. But generally, if there's a remand, we remand under Ventura. Why shouldn't that be the appropriate course of action? Well, I think the general rule on remand has its exceptions, including when the BIA has addressed the claim. So in this case, the BIA addressed the core question of whether substantial evidence, or I'm sorry, at that stage, it would just be whether Ariana had shown persecution. And so the claim has been heard by the agency. They simply erred in their analysis and in their analysis. Did the agency apply the correct standard? Did they consider the mixed motives standard? I think no. But even if you were to read their decision as applying the correct legal standard, it would still fail because it's not supported by substantial evidence. I don't understand your position as a practical matter. The government has made a motion to that it will be decided against you. And this all goes comes back. Another five years could go by. Who knows what could happen? A miracle could happen. And there might be an agreement on immigration. It makes, from my standpoint, it makes no practical sense for you to oppose a remand when the government is asking for it. And it may be asking for it for an opportunity to rule decided in your favor. And Your Honor, I appreciate that that is one strategic benefit to letting the case linger in the immigration courts and then come back up here to have this panel or a different panel resolve essentially the same issues that are presented in the petition. But the countervailing problem with that is that means that my client is in this legal limbo for deportation, but she also hasn't been granted asylum and the entailing rights or pathway to citizenship or permanent legal status that comes with a grant of asylum. So our position is that I guess I'm with Judge Corman. I'm not sure about your position. If the agency has not conducted a mixed motives analysis, we don't do that in the first instance. We remand for the agency to conduct that analysis. So the government's motion and agreement to remand is a win. I don't know why you don't take the win. Yes. Well, I would just like to make one point on that. I do think that remanding for the BIA to conduct the right analysis is certainly something the court can and has discretion to do. But I don't think that it's required. I think the court could go further and answer the questions presented in the petition if it wanted to. And I cited to some of those cases in the brief where that's effectively what this court has done. And that's Kopp, Parada, and Nadam. All of these are cases where they... Well, I mean, you could in the sense that if you had such a slam dunk case where you could meet the compelled standard, you could say there's no need to remand it because the record is so overwhelmingly compelling that every reasonable adjudicator would find in my client's favor. But if you don't have such a case, then it's very dangerous to say let's just stay here and decide everything rather than take the remand and a do-over and see what comes out of that. And Your Honor, we think that we do have that case. We think the record compels both necessary conclusions, first, a favorable nexus finding, and second, a finding that there was because... If you go through the I.J.'s decision, I think, first of all, I don't really see a predicate. The government was generous in offering to remand on mixed motive because the I.J.'s analysis makes clear that the I.J. was well aware of the potential of mixed motives because the I.J.'s finding was that when she was arrested for prostitution, it apparently had nothing to do with her sexual orientation, but then goes through and considers the possibility that the arrest for prostitution was, in fact, motivated by hostility to her sexual orientation, and then goes through and explains why the I.J. didn't conclude that the arrest for prostitution was motivated by that, and says, you know, no pejorative statements were made by the police when she was arrested. And then when, during the course of the prosecution, there was no mistreatment that would suggest that the authorities were punishing her in any way because of her of the mixed motive standard and just rejected it. And so, far from being compelled, this seems well within the fact-finding discretion of the I.J. So, again, I don't know why you don't just take the remand rather than press with a case that does not seem promising. Well, yeah, Your Honor, I appreciate that, and I would be happy to respond to your points on the merits and explain why I that were how you read the I.J.'s decision that the record, that it would be unsupported by any evidence, let alone substantial evidence. I didn't say it was unsupported. I said that the I.J. saw the correct legal standard and then made a factual finding and pointed to reasons why the I.J. wasn't finding this as a contributing factor to the prostitution arrest. The I.J. could have come out the other way, but the I.J. didn't, and the compelled, we can only reverse that if it is compelled in the statutory sense, and the I.J. didn't have the discretion to come out the way that he did. And, Your Honor, I would be happy to explain why I think that is the case, that the I.J. would have been so compelled, but if this is where the panel is leaning, I would also be happy to acquiesce the rest of my time and accept the government's request for remand. All right. Let's hear from the government. You've still got time, so if you want to use up the time and rebuttal, that's fine. Thank you. Good morning. May it please the Court. This is Dana Camilleri for the Attorney General. Our view on this case is very simple. This should be remanded to the Board under the ordinary remand rule. We have a legal, precedential decision issued by this Court after the Board's decision that provided more guidance to the Board about mixed motive analysis that the Board didn't have the benefit of in deciding this case. Oh, but as I just pointed out, reading through the I.J.'s decision, I think it's pretty hard to read the I.J.'s decision as not being aware that mixed motive was a possibility that needed to be addressed, because the I.J. knew that the arrest was for prostitution, but then considered whether or not it was really motivated by other factors. That's the mixed motive analysis, and it's already been done. Well, Your Honor, before the I.J., it was done, but the Board issued its own decision and did not seem to make that same finding. Obviously, the I.J. It's not the I.J.'s finding. I mean, they review for clear error, and they upheld that as not clearly erroneous. So, it preserves intact the I.J.'s finding. Correct finding. The Board didn't seem to confuse the legal standard. Our position is that the Board didn't have the benefit of the intervening case law, that the Board parsed the arrests maybe in a way that it would not with the support of that decision. But I do want to just very quickly say that what Petitioner's Counsel has been asking in his reply brief and opening brief, that the court reach all these issues and grant his client relief. The court can't do that. He's effectively asking the court to act as a fact finder, and that's just inappropriate in this case. So, the government's position is that we not address these issues and remand under Ventura. Is that right? Yes, that's correct. And if you don't have any other questions for me, I'm happy to rest on everything that has all the papers before this. All right. Dr. Korman, any questions? Thank you very much. Thank you. Do you have anything further to add, Mr. Kaufman? I don't, Your Honor, unless any of the panel have questions on our views regarding whether the record compels a favorable nexus and persecution determination. Otherwise, we agree with the government that remand is inappropriate and, at the minimum, the appropriate remedy here. All right. Doesn't appear that we have any additional questions. Thank you very much, Mr. Kaufman, for taking this case pro bono. We appreciate your service in that regard, as always. The matter is submitted. Thank you.
judges: NGUYEN, COLLINS, Korman